UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK EARL TYSON, #306811,

        Petitioner,

v.

CASE NO. 2:22-CV-11632
HON. NANCY G. EDMUNDS

B. CARL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF
FROM JUDGMENT AND FOR DISCOVERY (ECF Nos. 22 & 23)**

Michigan prisoner Frank Earl Tyson ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions and sentences. ECF No. 1. Respondent recently filed an answer to the petition and the state court record. ECF Nos. 17, 18. This matter is before the Court on Petitioner's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(4) in which he seeks relief from his state court judgment, ECF No. 22, as well as his motion for discovery in which he requests that video recordings of his state criminal proceedings be submitted into the record. ECF No. 23.

Petitioner first seeks relief from his state court judgment. Federal Rule of Procedure 60(b), however, only authorizes federal courts to grant relief from their own judgments, not relief from state court judgments. *See, e.g., Frazier v. Slatery*, No. 19-6483, 2020 WL 9423916, *3 (6th Cir. May 22, 2020) ("The rule does not authorize the district court to grant relief from a state court judgment."); *Evans v. City of Ann Arbor*, No. 21-10575, 2022 WL

586753, *12 (E.D. Mich. Feb. 25, 2022) (citing cases); *James v. DLJ Mortg. Cap., Inc.*, No. 13-13936, 2015 WL 1119948, *13 (E.D. Mich. March 11, 2015) (adopting magistrate judge's report and citing cases).  The issues that Petitioner raises and the relief that he seeks are the subject of his habeas petition.  The Court will issue a decision on the petition in due course.  Accordingly, the Court denies Petitioner's motion for relief from judgment. ECF No. 22.

Petitioner also seeks "discovery" and requests that video recordings of certain state criminal proceedings be admitted into the record on habeas review.  A "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  A federal habeas court may authorize a party to conduct discovery upon a showing of good cause.  Rule 6(a), 28 U.S.C. foll. § 2254.  Additionally, under the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the habeas petition when the answer is filed.  Rule 5, 28 U.S.C. foll. § 2254.  The Court may require that the record be expanded to include additional relevant materials.  Rule 7, 28 U.S.C. foll. § 2254.  The Court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed.  Rule 8, 28 U.S.C. foll. § 2254.

Respondent recently filed an answer to the petition and the relevant state court record, but the Court has yet to review those materials in detail.  A preliminary review of the pleadings, however, does not indicate that video recordings of any state criminal proceedings, should they exist, are necessary for the proper resolution of Petitioner's claims.  Accordingly, the Court declines to expand the record in such a manner and denies

Petitioner's motion for discovery. ECF No. 23. Should additional materials be necessary for the Court to decide this case, it will issue an appropriate order. No further motions need to be filed. The Court will strike any future frivolous motions.

**IT IS SO ORDERED**.

                                                  s/ Nancy G. Edmunds
                                                  NANCY G. EDMUNDS
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 14, 2023